# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| CITY OF ALLENTOWN | : | No. 682 MAL 2015 |
| | : | |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal from |
| | : | the Order of the Commonwealth Court |
| | : | |
| INTERNATIONAL ASSOCIATION OF | : | |
| FIRE FIGHTERS LOCAL 302 | : | |
| | : | |
| ------------------------------------------------ | : | |
| | : | |
| INTERNATIONAL ASSOCIATION OF | : | |
| FIRE FIGHTERS LOCAL 302 | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF ALLENTOWN | : | |
| | : | |
| | : | |
| | : | |
| PETITION OF:  INTERNATIONAL | : | |
| ASSOCIATION OF FIRE FIGHTERS | : | |
| LOCAL 302 | | |

## <u>ORDER</u>

**PER CURIAM**

     **AND NOW**, this 3rd day of March, 2016, the Petition for Allowance of Appeal is

**GRANTED.**  The issues, as stated by petitioner are:

    (1)   Whether the Commonwealth Court erred when it reversed the trial court and held that an Act 111 arbitration award that set a minimum number of firefighters on duty per shift should be vacated because the number of firefighters on duty per shift, which is rationally related to the terms and conditions of employment of the firefighters since it is a safety issue, unduly infringes upon the exercise of an employer's managerial responsibilities?

    (2)   Whether the Commonwealth Court erred when it reversed the trial court and held that an Act 111 arbitration award that set a minimum number of firefighters

on duty per shift should be vacated because the number of firefighters on duty per shift unduly infringes upon the exercise of an employer's managerial responsibilities when there was no evidence of any undue infringement presented to the Act 111 panel?

Justice Eakin did not participate in the consideration or decision of this matter.